**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                          Case Nos.:    5:17-cr-19/RH/MJF
                                                          5:19-cv-314/RH/MJF

WILLIAM FRANKLIN STANLEY

---

## REPORT AND RECOMMENDATION

This matter is before the court upon the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and supporting memorandum filed by Defendant William Franklin Stanley, Jr. ("Stanley") (ECF Nos. 83 & 84.)[1]  The Government filed a response (ECF No. 87), and Stanley filed a reply. (ECF No. 88.) After a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion be denied without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

# I—Procedural Background

On August 1, 2017, a federal grand jury charged Stanley in a single-count indictment with possession of a firearm and ammunition by an unlawful user of a controlled substance in violation of §§ 922(g)(3) and 924(a)(2). (ECF No. 1.) The charge stemmed from a May 17, 2017 traffic stop initiated after a Gulf County Sheriff's Deputy observed Stanley driving with expired tags. (ECF No. 26 at 1.)[2] After he was stopped, Stanley admitted to the deputy that he did not have insurance and his license had been suspended. He also admitted to having a firearm on his person, and stated that, although he was not a drug dealer, he had been using drugs for ten years, and he had "stuff" in a sunglass case. (*Id.* at 2.) The deputy recovered a Kel Tec .380 pistol from Stanley's pocket, for which Stanley did not have a concealed weapons permit, as well as two grams of methamphetamine from the sunglass case. As he was being placed in the squad car, Stanley also volunteered that there were three more firearms in the vehicle. Deputies recovered four additional firearms, ammunition, and drug related items. Law enforcement obtained a warrant to search Stanley's cell phone and discovered messages between Stanley and his

---

[2] The details of the offense conduct are taken from the Statement of Facts in support of Stanley's plea. Stanley agreed at his rearraignment that the facts contained in the Statement of Facts were true. (ECF No. 62 at 7.)

customers regarding the sale of what appeared to be marijuana and methamphetamine.

On October 12, 2017, while represented by Assistant Federal Public Defender Jessica Casciola, Stanley pleaded guilty before Senior United States District Judge Robert L. Hinkle. (ECF Nos. 25-28, 62.) At his guilty plea hearing, Judge Hinkle questioned Stanley about the facts underlying the offense conduct. Stanley admitted telling law enforcement at the time of the traffic stop that he did not sell drugs, but that he used drugs, and that he had used drugs the day before the traffic stop that resulted in his arrest. (ECF No. 62 at 8.) The court explained the uncertainty inherent in sentencing predictions and how any incorrect prediction would not be a basis to withdraw his guilty plea. (*Id.* at 10, 16-17.) Stanley assured the court he was satisfied with counsel and he was pleading guilty because he was guilty of the charged offense. (*Id.* at 19.) At the parties' request, the court released Stanley pending sentencing. (ECF No. 29; ECF No. 62 at 20-26.)

The final Presentence Investigation Report ("PSR") calculated Stanley's base offense level at 20. (ECF No. 34, PSR ¶ 28.) He received a two-level increase because the offense involved at least three firearms and another four-level increase because he possessed the firearms in connection with felony possession of methamphetamine. (PSR ¶¶ 29-30.) Stanley's adjusted offense level of 26 was

reduced to a total offense level of 23 after a three-level reduction for acceptance of responsibility. (PSR ¶¶ 36-38.) With no criminal history points, Stanley's criminal history category was I (PSR ¶¶ 41-44), and the applicable advisory guidelines range was 46 to 57 months of imprisonment (PSR ¶ 84.)

At his January 11, 2018, sentencing, Stanley assured the court he had read the PSR and addendum and discussed them with counsel. (ECF No. 63 at 8.) He acknowledged his mistake and noted the efforts he had made to get his life on track since his guilty plea. (*Id.* at 11-14.) Stanley's attorney also spoke of the progress Stanley had made since she first met him, noting that the particular charge was "essentially penalizing him for being a drug addict, which he was, which he admits to." (*Id.* at 16.) She argued that a probationary sentence was warranted under the extraordinary circumstances of this case. The government agreed, in response to the court's question, that Stanley's possession of the weapons and ammunition would not have been unlawful if he had not been a drug user. The government noted, however, based on information contained in Stanley's phone, it was obvious that Stanley was engaged in drug trafficking. The government opined that Stanley was "far more sophisticated, more manipulative than what he may appear." (*Id.* at 18.) It presented the testimony of an ATF agent to support its position that Stanley had been selling drugs. (*Id.* at 28-29.) The government nonetheless recommended a sentence

Page 4 of 28

at the low end of the range suggested by the guidelines. (*Id.* at 22.) Judge Hinkle sentenced Stanley to a term of 46 months of imprisonment. (ECF Nos. 38-40, 63, 91.)

The court entered judgment on January 15, 2018. Stanley appealed, but appointed counsel Robert Harper, III, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On March 19, 2019, after an independent examination of the record revealed no arguable issues of merit, the Eleventh Circuit affirmed Stanley's conviction and sentence. (ECF No. 80.)

Stanley filed a § 2255 motion while his appeal was pending, which the court dismissed without prejudice. (ECF Nos. 76-79.) After the disposition of his appeal, Stanley filed the instant § 2255 motion on August 14, 2019,[3] raising four claims. (ECF No. 83.) He asserts that: (1) his trial attorney was constitutionally ineffective in various respects, including in advising him to plead guilty; (2) he is not guilty of the § 922(g)(3) charge; (3) he is not guilty of the § 924(a)(2) charge; and (4) his appellate attorney was constitutionally ineffective.

---

[3] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (quotations omitted); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II—Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) otherwise is subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

A district court need not reconsider issues raised in a section 2255 motion which already were resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681,

Page 6 of 28

684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted).

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal generally are not actionable in a section 2255 motion and are procedurally barred. *Lynn*, 365 F.3d at 1234–35; *see Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at

Page 7 of 28

1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that [ ]he was prejudiced by that performance." *Demar v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks, brackets, and citations omitted)[4]; *see also Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail.").

*Strickland*'s two-part test also applies to counsel's assistance in cases where a defendant pleads guilty. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill*

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant must show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 163 (quoting *Hill*, 474 U.S. at 59). To prevail, a defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, a court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d

Page 9 of 28

1305, 1315-16 (11th Cir. 2000) (discussing the presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that a petitioner is "not entitled to error-free representation").

Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). In the case of alleged sentencing errors, a defendant must demonstrate that there is a

reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04 (2001). To demonstrate prejudice in the context of an appeal, the arguments that a defendant alleges that his counsel failed to raise must have been sufficiently significant to have affected the outcome of the appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).

A defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Furthermore, counsel is not constitutionally deficient for failing to present a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue involves a trial or sentencing issue. *See, e.g.*, *Sneed v. Fla. Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a

meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

The test for assessing counsel's performance is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Eleventh Circuit has recognized that given this standard, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.

As to evidentiary hearings, not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873,

877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).

### III—Discussion

### A.    GROUND ONE—INEFFECTIVE ASSISTANCE OF COUNSEL

Stanley's first claim for relief contains several subparts. Stanley contends that his attorney was ineffective because she insisted that he plead guilty even though Stanley did not agree that he was guilty. Stanley's attorney also allegedly told him that he would not be sentenced to a term of imprisonment and instead would receive only a term of probation. Finally, she purportedly told Stanley that the prosecutor had "added an additional charge" pursuant to § 924(a)(2), which resulted in the change in the guideline, although Stanley denies having pleaded guilty to that charge.

To be constitutionally legitimate, a guilty plea must be made knowingly, voluntarily, and intelligently. *Parke v. Raley*, 506 U.S. 20, 28, 29 (1992) (holding that "guilty plea must be both knowing and voluntary" and must be a "voluntary and intelligent choice among the alternative courses of action" available to defendant); *Machibroda v. United States*, 368 U.S. 487, 493, 82 S. Ct. 510, 513 (1962) ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."). A guilty plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

An allegation of a coerced plea, when supported by the relevant facts, can support a § 2255 motion. *See Fontaine v. United States*, 411 U.S. 213, 214-15 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). A defendant's statements during a Rule 11 colloquy that he is acting voluntarily, however, constitutes a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (citing *Blackledge*). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73-74; *Winthrop-Redin*, 767 F.3d at 1216 (citing *Blackledge*). They are

Page 14 of 28

presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Blackledge*, 431 U.S. at 73-74; *Winthrop-Redin*, 767 F.3d at 1216. In fact, such allegations are subject to summary dismissal. *Winthrop-Redin*, 767 F.3d at 1216 (citing *Blackledge*, 431 U.S. at 74). A defendant "bears a heavy burden to show his statements [under oath] were false." *Winthrop-Redin*, 767 F.3d at 1217 (quoting *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)).

In this case, the transcript of the plea proceeding contradicts both Stanley's claims that he was pressured into pleading guilty and also his assertion that counsel promised him a probationary sentence. The court asked Stanley at his re-arraignment whether anyone had made any promises about the sentence that would be imposed in this case. (ECF No. 62 at 11.) Stanley's unequivocal response was "No, sir, they have not." (*Id.*). The district court further inquired whether he had talked with anyone on the Government's side of the case about the sentence that was likely to be imposed in his case. (*Id.* at 16-17.) Stanley mentioned having reviewed the guidelines with counsel. (*Id.* at 17.) The district court noted that sometimes law enforcement officers might tell a defendant words to the effect that cooperation would yield a better outcome, but that he should not rely on anything a law enforcement officer has told him because it was the court that would make the sentencing decision. (*Id.*) Stanley denied that anyone had threatened or pressured

Page 15 of 28

him to plead guilty and also denied that anyone had promised him he would receive the benefit of a substantial-assistance motion. (*Id.* at 17-18.)

Stanley assured the court he was satisfied with counsel's representation of him, he had no complaints, and he was pleading guilty because he was guilty of the offense. (ECF No. 62 at 18-19.) The district court accepted the plea, finding it to be knowing, voluntary, intelligent, and supported by a factual basis. (*Id.* at 19.)

Stanley has not presented any evidence, much less compelling evidence, that the court should disregard his sworn statements at his change of plea hearing. *Blackledge*, 431 U.S. at 73-74. He has not shown that his counsel coerced him to plead guilty or induced him to plead guilty with promises of a probationary sentence.

Stanley's claim that his counsel informed him that the prosecutor "added an additional charge" pursuant to § 924(a)(2), which thereby changed the range of imprisonment suggested by the Sentencing Guidelines, is utterly lacking in credibility. His attorney was an experienced Assistant Federal Public Defender who would have known that § 924(a)(2) is the applicable penalty provision to the charged offense, not an independent substantive offense. Furthermore, there is nothing in the record indicating that the prosecutor added an additional charge, nor could the prosecutor do so without forging an indictment or seeking another indictment from the grand jury. Stanley's conclusory assertion does not entitle him to relief.

**B.**    <u>GROUND TWO— INNOCENCE REGARDING THE § 922(g)(3) OFFENSE</u>

Stanley's second claim for relief is that he is innocent of the § 922(g)(3) charge because he was not a drug user or addict at the time of his arrest. (ECF No. 83 at 5.) This claim is procedurally barred because Stanley could have brought this claim in his direct appeal. To the extent a court could construe the claim as alleging ineffective assistance of counsel, Stanley's claim of innocence is flatly contradicted by the record, and he is not entitled to relief under controlling law.

A conviction under § 922(g)(3) requires a showing that a defendant's use of a controlled substance is "ongoing and contemporaneous with the commission of the offense." *United States v. Wilson*, 979 F.3d 889, 916 (11th Cir. 2020) (quoting *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003)). A conviction under § 922(g)(3), however, does not require the government to establish that the defendant was under the influence of a controlled substance at the exact time he possessed a firearm. *See Wilson*, 979 F.3d at 916; *Edmonds*, 348 F.3d at 953; *see also United States v. Augustin*, 376 F.3d 135, 139 (3d Cir. 2004) (holding that to sustain a § 922(g)(3) conviction "one must be an unlawful user at or about the time he or she possessed the firearm and that to be an unlawful user, one needed to have engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm."). In *Wilson*, the Government relied on a defendant's

Page 17 of 28

statements to the probation officer about his daily marijuana use to increase the defendant's offense level based on his status as a prohibited person. *Wilson*, 979 F.3d at 901. In *Edmonds*, there was "reliable and specific testimony" showing the defendant's unlawful use of marijuana was "regular, ongoing, and contemporaneous with" his possession of a firearm with an obliterated serial number. *Edmonds*, 348 F.3d at 951; *see also United States v. Bernardine*, 73 F.3d 1078, 1082 (11th Cir. 1996) (holding that to be an "unlawful user of" marijuana, a defendant's use must be "ongoing and contemporaneous with the commission of the offense.").

In this case, the Statement of Facts reflects that, at the time of his arrest, Stanley told Deputy Smith that he had been using drugs for ten years. (ECF No. 26 at 2.)[5] A search of Stanley's cellular telephone revealed a number of text messages and emails regarding the sale of what appeared to be marijuana and methamphetamine. The Statement of Facts also reflects that law enforcement discovered messages authored by Stanley about using "dope." (*Id.* at 4.) Stanley affirmed at his re-arraignment that everything in the Statement of Facts was true. (ECF No. 62 at 7.) He agreed he had told the deputy he used drugs, and he admitted

---

[5] Stanley conceded in his *pro se* brief on direct appeal that it was established at the detention hearing that "[d]uring the traffic stop [Stanley] freely admitted to using drugs for ten years." (ECCA Case 18-10358, filed 06/07/2019, at 10.)

to the court that although he had not been using drugs the day of his arrest, he had used drugs the previous night. (*Id.* at 8.)

Stanley also admitted illicit drug use to the probation officer, although his statements contradicted what he had told the arresting deputy. He denied ever using marijuana and claimed that he had not used methamphetamine until December of 2016. (ECF No. 34, PSR ¶¶ 66, 67.) Stanley claimed that he had temporarily stopped using methamphetamine and did not use it again until May of 2017, at which point he used it "daily" until his arrest on August 8, 2017. (PSR ¶ 67.)

In his memorandum in support of his § 2255 motion, Stanley's description of his drug use shifts again. Stanley did not sign his memorandum under penalty of perjury. (ECF No. 84.) Regardless, Stanley maintains that he was not using drugs at the time of the traffic stop, had not used drugs in several months, and charactered his "social" use of drugs as "not often, and not consistently. (*Id.* at 1.) He also claims that he was not an addict. (*Id.* at 1.)

In his reply memorandum Stanley again argues that he does not meet the definition of "addict" in 21 U.S.C. § 802(1), despite the fact that § 922(g)(3) does not require proof of an addiction. (ECF No. 88 at 2.) Also, Stanley does not attempt to explain the inconsistencies in his various statements regarding his drug use.

Stanley's sworn statements during his guilty plea hearing are sufficient to establish a factual basis for his violation of § 922(g)(3). He has not offered any reason to disregard his sworn statements, much less shown cause for doing so. In light of Stanley's admissions that he was a drug user and an addict, his counsel was not constitutionally ineffective for failing to argue that Stanley was innocent of the offense to which he pleaded guilty.

Stanley also complains that his attorney did not tell him that his guilty plea would preclude him from pursuing his motion to suppress the evidence that was discovered during an inventory search of his car. (ECF No. 83 at 5.) During that search, the police recovered: "six loaded AK-47 magazines; a black box containing trace amounts of methamphetamine, plastic baggies and a scale; a Springfield XD .40 pistol; a glass pipe and a cut staw [sic]; an AK-47 with a loaded 100 round drum; a Brevete D model .765 pistol; an unknown make or model rifle." (ECF No. 18 at 3.)

Stanley's attorney filed the motion to suppress on September 18, 2017. On September 19, 2017, the district court scheduled a suppression hearing for October 12, 2017. (ECF No. 20.) On October 11, 2017, the parties informed the district court of Stanley's intent to plead guilty. The district court, therefore, cancelled the

suppression hearing and instead scheduled a guilty plea hearing for October 12, 2017. (ECF No. 24.)

The plea agreement that Stanley read and signed informed him of the myriad rights he was electing to waive by pleading guilty. (ECF No. 27 at 2.) Additionally, the district court specifically told Stanley at his plea hearing that he would be waiving any defenses he might have if he pleaded guilty. (ECF No. 62 at 6.) Thus, both Stanley's plea agreement and the district court effectively informed Stanley that his guilty plea would preclude him from pursuing defenses such as a claim that the inventory search violated the Fourth Amendment. To the extent that Stanley asserts that his counsel was constitutionally ineffective, Stanley's voluntary and unconditional plea of guilty waived ineffective assistance of counsel claims based on pre-plea issues. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (a guilty plea waives all non-jurisdictional defects in proceedings); *United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014) (defendant waived challenge to district court's denial of motion to suppress by entering a voluntary, unconditional plea). Stanley's second ground, therefore, does not entitle him to relief.

## C. GROUND THREE—INNOCENCE REGARDING THE § 924(A)(2) OFFENSE

Stanley's third claim is that, although he pleaded guilty to the § 922(g)(3) charge, he "never plead guilty to the 924(a)(2) charge." (ECF No. 83 at 7.) This

Page 21 of 28

claim is procedurally barred and, to the extent it could be construed as a claim of ineffective assistance of counsel, it is without merit.

The grand jury charged Stanley with possession of a firearm and ammunition while being an unlawful user of a controlled substance, "[i]n violation of Title 18 United States Code, Sections 922(g)(3) and 924(a)(2)." (ECF No. 1 at 1.) Stanley is correct that § 924(a) was not specifically mentioned in the plea agreement or at his plea hearing. His claim of "innocence," however, is based on his misapprehension that § 924(a) is a separate offense rather than simply the statutory provision in which Congress prescribed the penalty for a violation of 18 U.S.C. § 922(g)(3). Stanley suffered no prejudice from the PSR and judgment correctly noting that his sentence was governed by § 924(a). Stanley has failed to demonstrate that there was any violation of law or that his counsel was somehow ineffective. Stanley, therefore, is not entitled to relief on the third ground that he asserts in his petition.

### D.    GROUND FOUR—INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In Stanley's fourth claim, he takes issue with the representation provided by appellate counsel. He asserts that counsel filed an *Anders* brief without first discussing it with Stanley, and by doing so, his appellate counsel deprived him of his appellate rights. (ECF No. 83 at 8.) He also claims that the appellate court "denied without reason" the *pro se* appellate brief he filed (*id.*).

Page 22 of 28

Generally, a claim of ineffective assistance of appellate counsel is analyzed under the two-prong test enunciated in *Strickland*, which requires a showing that appellate counsel's performance was deficient and that it resulted in prejudice to the defendant. *Grubbs v. Singletary*, 120 F.3d 1174, 1177 (11th Cir. 1977) (citing *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991)); *Miller*, 858 F.2d at 1538. In the context of *Anders*, the defendant need not satisfy the prejudice prong. Rather, a defendant must show that counsel did not comply with the directives of *Anders*. *Grubbs*, 120 F.3d at 1177.

*Anders* provides that if, after conscientious examination of the record, appellate counsel finds the appeal to be frivolous, counsel must advise the appellate court and request permission to withdraw. *Anders*, 386 U.S. at 744. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* In Stanley's appeal, counsel's *Anders* brief identified two issues: the "reasonableness of the sentence imposed and the sufficiency of the district court's consideration of all relevant § 3553(a) factors." (ECCA Case 18-10358, filed 10/10/2018, at 13.) On March 19, 2019, the Eleventh Circuit concurred with counsel's assessment that no arguable issues of merit existed. The Court of Appeals, therefore, affirmed Stanley's conviction and sentence. (ECF No. 80.)

After the Court of Appeals had already decided his appeal, Stanley elected to file a *pro se* appellate brief (ECCA Case 18-10358, filed 06/07/2019.) [6] His "Statement of the Issues" section indicated that Stanley would be addressing the two issues identified by his appellate counsel. (ECCA Case 18-10358, filed 06/07/2019, at 14.) In his "summary of the argument," however, Stanley indicated that he would argue (1) he was not guilty of the crime; (2) he was advised to accept a guilty plea despite his innocence; and (3) his sentence exceeded that imposed in similar cases. (*Id.* at 19.) The court construed his submission as a motion to recall the mandate and on June 17, 2019, the Court of Appeals denied Stanley's motion. (ECCA Case 18-10358.)

The Eleventh Circuit's independent examination of the record revealed no appellate issues of arguable merit, which precludes Stanley from demonstrating that filing an *Anders* brief caused him prejudice. *See United States v. Davis*, 508 F.3d 461, 463-64 (8th Cir. 2007) (holding the defendant could not establish prejudice where counsel tendered an *Anders* brief, because an appellate court reviews the record and will order full briefing of any nonfrivolous issues). Stanley has failed to

---

[6] The Court of Appeals struck one of Stanley's filings because Stanley failed to affix his signature to the document. (*See* ECCA Case 18-10358, order dated 04/30/2019, striking letter dated 04/17/2019.)

demonstrate that his appellate counsel was ineffective in any respect or that he deprived Stanley of his right to an appeal.

In his reply brief, Stanley also asserts that the district court sentenced him disparately. (E.C.F. No. 88 at 4.) But the district court sentenced Stanley to a term of imprisonment that was within the ranged suggested by the Sentencing Guidelines. The calculation of Stanley's offense level was driven by the number and type of firearms as well as Stanley's simultaneous possession of methamphetamine. Stanley has not demonstrated—or even argued—that the district court miscalculated his offense level or his criminal history category, or that the district court failed to ascertain the range of imprisonment recommended by the Sentencing Guidelines. The Sentencing Guidelines are designed to "reduce unjustified disparities and so reach toward the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice." *Koon v. United States*, 518 U.S. 81, 113 (1996). When a district court correctly calculated and carefully reviewed the Guidelines range, it "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall v. United States*, 552 U.S. 38, 59 (2007).

Stanley attempts to show that his sentence was impermissibly disparate by citing various cases in which various district courts sentenced defendants who had been convicted of a violation of 18 U.S.C. § 922(g)(3) to terms of imprisonment less

Page 25 of 28

than the term of imprisonment that the district court imposed on Stanley. Such comparisons are meaningless, however, unless and until Stanley demonstrates that he and his chosen comparators were substantially similar in all relevant respects. Stanley does not even attempt to show substantial similarity with his chosen comparators. For that reason alone, he cannot prevail on this claim.

"'No two cases are identical,' and comparison of 'an individual sentence with a few counsel-selected cases involving other defendants sentenced by other judges is almost always useless.'" *United States v. Franklin*, 785 F.3d 1365, 1372 (10th Cir. 2015) (quoting *United States v. Scherrer*, 444 F.3d 91, 95 (1st Cir. 2006)). Disparate sentences are perfectly "permissible when the disparity is explicable by the facts of the particular case." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1223 (10th Cir. 2008). Accordingly, when two defendants are not similarly situated, "there is no reason for their sentences to be similar." *United States v. Ortiz-Torres*, 449 F.3d 61, 84 (1st Cir. 2006).

Because Stanley has not established that his appellate counsel was constitutionally ineffective in any respect, he is not entitled to relief on this claim.

## IV—Conclusion

Stanley has failed to show that any of the claims raised in his § 2255 petition have merit. He also has not demonstrated the necessity for an evidentiary hearing.

Page 26 of 28

## V—Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases. Stanley has not shown that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, a certificate of appealability is not warranted.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI—Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

Page 27 of 28

1.      Stanley's motion to vacate, set aside, or correct sentence (ECF No. 83)

be **DENIED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>16th</u> day of March, 2021.


/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**