IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:17cr19-RH-MJF
    5:19cv314-RH-MJF

WILLIAM FRANKLIN STANELY,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

The defendant William Franklin Stanley has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 98. No objections have been filed. This order accepts the report and recommendation and denies the § 2255 motion. This order adopts the report and recommendation as the court's opinion, with the following qualification.

On direct appeal, the defendant's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Eleventh Circuit reviewed the record, agreed there were no issues of arguable merit, and affirmed the judgment. Citing *United States v. Davis*, 508 F.3d 461,

463-64 (8th Cir. 2007), the report and recommendation suggests an affirmance of this kind, after the filing of and agreement with an *Anders* brief, is necessarily fatal to any later claim that appellate counsel rendered ineffective assistance. This order expresses no opinion on whether that is so. What matters here is that *Mr. Stanley's* ineffective-assistance claim is unfounded.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Stanley has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion for relief under 28 U.S.C. § 2255, ECF No. 83, is denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on April 16, 2021.

s/Robert L. Hinkle<br>United States District Judge